IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA : 
:
v. : Criminal Case No. DKC 94-0241-1
:
LINWOOD GRAY :
:

**MEMORANDUM OPINION**

After many unsuccessful attempts to obtain relief pursuant to 28 U.S.C. § 2255, Petitioner filed a Motion "Due to Cause and Prejudice and Rule 60(d)(3), Being Actual Fraud on the Court—Premised on Procedural and Substantive Due Process Violations—Coupled with a Classical Napue Violation." He seeks relief from the judgment of conviction entered in 1995. (ECF No. 316). The motion reiterates many of the assertions previously advanced. The motion will be denied.

The rule recognizing a court's authority to set aside a judgment based on fraud on the court is a concept that should be construed narrowly. *United States v. Horton*, No. 1:89-CR-180 (AJT), 2015 WL 10684734, at *1 (E.D. Va. May 4, 2015). As described by Judge Messitte:

> Fraud on the court is therefore "not your garden-variety fraud." *Fox* [*v. Elk Run*], 739 F.3d [131 (4th Cir. 2014)] at 135 (internal quotation marks and citations omitted). It is confined to "the most egregious cases," such as "bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the

integrity of the court and its ability to function impartially is directly impinged." *Great Coastal [Express, Inc. v. Int'l Bhd of Teamsters]*, 675 F.2d [1349 (4th Cir. 1982)] at 1356; *see also Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d 984, 986 (4th Cir. 1987) (indicating that fraud on the court involves "corruption of the judicial process itself" (quoting *In re Whitney-Forbes*, 770 F.2d 692, 698 (7th Cir. 1985))). Fraud on the court requires an "intentional plot to deceive the judiciary," and must "touch on the public interest in a way that fraud between individual parties generally does not." *Fox*, 739 F.3d at 136.

The Fourth Circuit has held that a petitioner must also establish that the fraud was material to the disposition of the proceedings he or she wants reopen in order to be entitled to relief. *United States v. MacDonald*, No. 97-7297, 1998 WL 637184, at *2 (4th Cir. Sept. 8, 1998) ("Our decision in *Great Coastal Express* requires that MacDonald at least establish that the fraud was material and deliberate."); *accord United States v. Estate of Stonehill*, 660 F.3d 415, 454 (9th Cir. 2011) (holding no fraud on the court because "[a]ny misrepresentations or false statements made by government witnesses or attorneys were on largely tangential issues and did not substantially undermine the judicial process by preventing the district court or this court from analyzing the case"); *Apotex Corp. v. Merck & Co.*, 507 F.3d 1357, 1360 (Fed. Cir. 2007) (holding fraud on the court requires "material subversion of the legal process").

Lastly, to prevail on a Rule 60(d) motion, the petitioner must prove fraud on the court by "clear and convincing evidence." *See United States v. MacDonald*, No. 97-7297, 1998 WL 637184, at *2 (4th Cir. Sept. 8, 1998) (citing *Square Const. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981) ("A party seeking relief under [Rule 60(b)(3) ] must also prove the misconduct complained of by clear and convincing evidence.")); *Herring v. United States*, 424 F.3d 384, 386-87 (3d Cir. 2005) (requiring fraud on the court to be proven by "clear, unequivocal and convincing evidence" (internal quotation marks and citation omitted)); *see also Booker v. Dugger*, 825 F.2d 281, 284 n.4 (11th Cir. 1987) ("It is clear that the policy of

2

finality of judgments requires the same, if not more stringent, standards [than the Rule 60(b)(3) clear and convincing evidence standard] be applied to independent actions alleging fraud on the court which are brought after the one year limit has run.")).

*United States v. Higgs,* 193 F. Supp. 3d 495, 507–08 (D. Md. 2016)(footnotes omitted).  The current motion does not rise to that level.  A separate order will be entered.


                                    _____/s/_____
                                    DEBORAH K. CHASANOW
                                    United States District Judge