IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA       :

      v.                           :    Criminal No. DKC 94-241-1

LINWOOD GRAY                   :

**MEMORANDUM OPINION**

Pending before the court is a motion filed by Linwood Gray titled "Petitioner pro se is filing this Rule 60(d)(3) motion, due to fraud on the court. In light of newly acquired information that proves the creation, formulation, and execution of the prosecution's scheme, with the paid services of informant Bailey, who was extremely effective, the scheme was committed by the prosecution team intentionally and collectively." (ECF No. 351). For the reasons that follow, the motion will be denied.

Following a jury trial, Mr. Gray, along with his co-defendants, were found guilty of participating in a heroin and cocaine distribution conspiracy and sentenced on February 21, 1995. The United States Court of Appeals for the Fourth Circuit affirmed their convictions. Thereafter, Mr. Gray challenged his sentence multiple times by filing motions to vacate his sentence pursuant to § 2255 and motions for reconsideration, all of which were denied.

Mr. Gray's current motion asserts that "The petition that he was indicted on, tried on, and found guilty of fabricated crimes that were created by the prosecution." He attaches exhibits that purportedly repudiate the testimony of a witness, Terrance Dale Bailey, and a debriefing report that he suggests evidences prosecutorial misconduct. He contends that had he been provided these DEA6 reports on witness Terrance Bailey, he would have had the opportunity to defend himself against the charges.

Fed.R.Civ.P. 60(d)(3) provides that a court may "set aside a judgment for fraud on the court." Rule 60(d)(3) is "construed very narrowly," and relief under that provision is limited to situations where there was an "intentional plot to deceive the judiciary," "such as bribery of a judge or juror, or improper influence exerted on the court by an attorney" — a "fraud between parties" does not suffice. *Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 135–36 (4th Cir. 2014).

This Rule 60(d)(3) motion to vacate is directed, as it must be, at the denial of the initial petition pursuant to 28 U.S.C. § 2255, which is civil in nature, and not at the criminal judgment which it, in turn, attacks. Any new direct challenge to the criminal judgment would be a second, or successive, motion requiring permission from the Fourth Circuit.

All of the material referenced in the motion is addressed to the criminal judgment, and not to any "fraud" related to the denial of the § 2255 petition. Mr. Gray has not satisfied the heavy burden required to obtain relief under Rule 60(d) and his motion will be denied. A separate order will follow.

                                                   /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge